# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF OHIO

---------------------------------------------------------------x
:
In re : Case No. 09-43669
:
STAMFORD INDUSTRIAL GROUP, INC.,[1] : Chapter 11
:
               Debtor. : Judge Kay Woods
:
---------------------------------------------------------------x

### MOTION OF DEBTOR FOR AN ORDER AUTHORIZING THE REJECTION OF A CERTAIN NON-RESIDENTIAL REAL PROPERTY LEASE EFFECTIVE AS OF THE PETITION DATE

Stamford Industrial Group, Inc, the above-captioned debtor (the "Debtor"), hereby moves the Court, pursuant to section 365 of title 11 of the United States Code (the "Bankruptcy Code") and Rule 6006(a) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") for the entry of an order authorizing the Debtor to reject the non-residential real property lease between the Debtor and the Lessor (as defined below), effective as of the Petition Date (as defined below). In support of this Motion, the Debtor respectfully represents as follows:

### Background

1. On the Petition Date, the Debtor commenced a case under chapter 11 of the Bankruptcy Code.[2] The Debtor is authorized to continue to operate its business and manage its properties as a debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy

---

[1]     The Debtor, Stamford Industrial Group, Inc. (Employer's Tax Identification No. 41-1844584), is a Delaware corporation. The address of the Debtor is One Landmark Square, Stamford, Connecticut 06901.

[2]     This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue for this matter is proper in this district pursuant to 28 U.S.C. § 1409.

Code. The Debtor, is a non operating holding company and 100% equity holder of Concord Steel, Inc. ("Concord").[3]

**Facts Relevant to this Motion**

2. Prior to the Petition Date, the Debtor, in the ordinary course, entered into a lease (the "Landmark Lease") with Landmark Square 1-6 LLC (the "Lessor") dated February 6, 2007, as modified by First Modification dated March 31, 2009, for a portion of the 21st Floor at One Landmark Square, Stamford, Connecticut (the "Premises"). The Premises were used as office space for the Debtor.

3. On September 26, 2009, the Debtor vacated and surrendered the Premises to the Lessor, as reflected in Exhibit A. Upon information and belief, the Debtor believes that the Lessor has a replacement tenant ready to occupy the Premises in the near future.

4. The Debtor has determined that the Landmark Lease is no longer necessary to its business operations, and the Debtor does not believe that it will have any means of paying future rent. Also, because the Debtor vacated and surrendered the Premises prior to the Petition Date, the Lessor will be able to immediately lease the Premises and mitigate its losses. Thus, with the filing of this Motion, the Debtor seeks to reject the Landmark Lease effective as of the Petition Date.

**BASIS FOR RELIEF REQUESTED**

5. Section 365(a) of the Bankruptcy Code provides that a debtor, "subject to the court's approval, may assume or reject any executory contract or unexpired lease."

---

[3] On September 14, 2009, Concord filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code, in this Court under the caption In re Concord Steel, Inc. (Case No. 09-43448). Calfee is proposed counsel for

11 U.S.C. § 365(a). "The purpose behind allowing the assumption or rejection of executory contracts is to permit the trustee or debtor-in-possession to use valuable property of the estate and to renounce title to and abandon burdensome property." Orion Pictures Corp. v. Showtime Networks, Inc. (In re Orion Pictures Corp.), 4 F.3d 1095, 1098 (2d Cir. 1993), cert. dismissed, 114 S.Ct. 1418 (1994).

6. Section 365(a) does not provide a standard for a court to use in determining when it is appropriate to approve a debtor's request to assume or reject a lease or contract, the Supreme Court has ruled that the court should defer to the debtor's business judgment. NLRB v. Bildisco & Bildisco, 465 U.S. 513, 523 (1984); See also Orion Pictures Corp. v. Showtime Networks, Inc. (In re Orion Pictures Corp.), 4 F.3d 1095, 1098-99 (2d Cir. 1993), cert. dismissed, 114 S.Ct. 1418 (1994) (stating that a debtor's decision to reject an executory contract is governed by the business judgment standard and can only be overturned if the decision was the product of bad faith, whim or caprice).

7. This "business judgment" standard is not a strict standard; it merely requires a showing by the debtor that the assumption or rejection of the executory contract or unexpired lease will benefit the debtor's estate. See Borman's Inc. v. Allied Supermarkets, Inc. (In re Allied Supermarkets, Inc.), 706 F.2d 187, 189 (6th Cir. 1983); see also Allied Technology, Inc. v. R.B. Brunemann & Sons, Inc. (In re Allied Technology, Inc.), 25 B.R. 484, 495 (Bankr. S.D. Ohio 1982) ("As long as assumption of a lease appears to enhance a debtor's estate, Court approval of a debtor in possession's decision to assume the lease should only be withheld if the debtor's judgment is clearly erroneous, too speculative, or contrary to the provisions of the Bankruptcy Code[.]").

8. Courts generally respect and will not second guess a debtor's business judgment concerning the assumption or rejection of an executory contract or unexpired lease. See Phar-Mor, Inc. v. Strouss Bldg. (In re Phar-Mor, Inc.), 204 B.R. 948, 951-52 (Bankr. N.D. Ohio 1997) ("Whether an executory contract is 'favorable' or 'unfavorable' is left to the sound business judgment of the debtor."). Moreover, application of the business judgment rule requires a bankruptcy court to accept a debtor's decision unless "it is shown that the [debtor's] decision was taken in bad faith or in gross abuse of the [debtor's] retained discretion." Lubrizol Enterprises, Inc. v. Richmond Metal Finishers, Inc. (In re Richmond Metal Finishers, Inc.), 756 F. 2d 1043, 1047 (4th Cir. 1985).

9. In this instance, the Debtor has concluded that the Landmark Lease is no longer necessary and is burdensome to the estate. As discussed above, the Debtor is no longer occupying the Premises and has vacated and surrendered the Premises to the Lessor. In addition, through the rejection of the Landmark Lease, the Debtor will be relieved from paying any costs and other related expenses associated with the Landmark Lease. Accordingly, by rejecting the Landmark Lease effective as of the Petition Date, the Debtor will avoid incurring unnecessary administrative charges that provide no tangible benefit to the Debtor's estate.

10. In summary, the Debtor believes that the proposed rejection of the Landmark Lease is tailored to minimize administrative expenses in this chapter 11 case. In the exercise of its sound business judgment, the Debtor therefore seeks authority to reject the Landmark Lease effective as of the Petition Date.

**Request for Waiver of Local Bankruptcy Rule 9013-1(a)**

11. Because there are no novel issues of law presented in this Motion and the Debtor has identified the legal authority on which it is relying, the Debtor respectfully requests

that the Court waive the requirement set forth in Rule 9013-1(a) of the Local Rules for the United States Bankruptcy Court, Northern District of Ohio (the "Local Bankruptcy Rules") that it file a separate memorandum of law in support of the relief requested herein.

## Notice

12. No trustee or examiner has been appointed in this chapter 11 case. Notice of this Motion has been provided to: (a) the U.S. Trustee for the Northern District of Ohio; (b) counsel to the agent of the Debtor's prepetition secured lenders; (c) those creditors holding the largest unsecured claims against the Debtor's estate; and (d) counsel to the Lessor. The Debtor submits that no other or further notice need be provided.

## No Prior Request

13. No prior request for the relief sought in this Motion has been made to this or any other Court.

WHEREFORE, the Debtor respectfully requests that the Court enter an order, substantially in the form attached hereto as Exhibit B: (i) authorizing the Debtor to reject the Landmark Lease effective as of the Petition Date and (ii) granting such other and further relief as the Court may deem proper.

Dated: September 28, 2009

Respectfully submitted,

/s/ James M. Lawniczak
James M. Lawniczak (OH 0041836)
Gus Kallergis (OH 0071557)
Tiiara N. A. Patton (OH 0081912)
CALFEE, HALTER & GRISWOLD LLP
1400 KeyBank Center
800 Superior Avenue
Cleveland, Ohio 44114
Telephone: (216) 622-8200
Facsimile: (216) 241-0816
Email: *jlawniczak@calfee.com*
  *gkallergis@calfee.com*
  *tpatton@calfee.com*

PROPOSED ATTORNEYS FOR DEBTOR

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that the foregoing notice was served via U.S. Mail, proper postage pre-paid, on the following parties on September 28, 2009:

Robert L. Wallace
Bank of America, as Administrative Agent
1 Federal Street
Boston, MA 02110

Walter Humman
PricewaterhouseCoopers LLP
P.O. Box 7247-8001
Philadelphia, PA 19170-8001

Amjad Akhtar
Broadridge
P.O. Box 23487
Newark, NJ 07189

Joanne Monteavaro
Wilmer Cutler Pickering Hale & Dorr
P.O. Box 4550
Boston, MA 02212-4550

Billing Dept.
PR Newswire
GPO Box 5897
New York, NY 10087-5897

Billing Dept.
Cablevision Lightpath, Inc.
P.O. Box 360111
Pittsburgh, PA 15251-6111

Billing Dept.
Express Transportation Services
P.O. Box 463
Port Chester, NY 10573

Robert Lawrence
Kane Kessler, P.C.
1350 Avenue of the America
New York, NY 10019-4896

Mary Hannah
Internal Revenue Service
Federal Tax Deposit Processing
P.O. Box 970030
St. Louis, MO 63197

James Graham
Amper, Politziner, & Mattia, LLP
750 Route 202 South
Suite 500
Bridgewater, NJ 08807-5530

Anthony Foti
American Stock Transfer & Trust Co.
59 Maiden Lane
New York, NY 10038

Billing Dept.
Corporation Service Company
2711 Centerville Road
Wilmington, DE 19808

Billing Dept.
ABM Janitorial Services NE, Inc.
P.O. Box 198352
Atlanta, GA 30384

Melissa Guardiola
Propark, Inc.
Landmark Square Garage
1 Landmark Square
Stamford, CT 06901

Billing Dept.
Vintage Filings, LLC
150 West 46th Street - 6th Floor
New York, NY 10036

Billing Dept.
Personnel Concepts
3200 Guasti Road
Suite 300
Ontario, CA 91761

Leasing Counsel
Landmark Square 1-6 LLC
c/o SL Green Realty Corp.
420 Lexington Ave.
New York, NY 10170

Craig Martahaus
Leslee Miraldi
Andrew L. Turscak, Jr.
Thompson Hine LLP
3900 Key Center, 127 Public Square
Cleveland, OH 44114-1291

Billing Dept.
Cablevision
P.O. Box 15660
Worcester, MA 01615-0660

Billing Dept.
Federal Express
P.O. Box 371461
Pittsburgh, PA 15250-7461

U.S. Trustee for the Northern District of Ohio
201 Superior Avenue East, Suite 441
Cleveland, OH 44114

National Registered Agents, Inc.
12 Old Boston Post Road
Old Saybrook, CT 06475

    /s/ James M. Lawniczak
    James M. Lawniczak

{00637413.DOC;3 }    8

09-43669-kw    Doc 15    FILED 09/28/09    ENTERED 09/28/09 17:24:14    Page 8 of 8